## VON MUMM et al. v. WITTEMAN et al.

(Circuit Court of Appeals, Second Circuit. December 7, 1898.)

### No. 44.

UNFAIR TRADE—CAPSULES FOR CHAMPAGNE BOTTLES.

Complainants have for many years used a peculiar, rose-colored metal capsule, with their name and other devices embossed thereon, as a distinguishing mark for the bottles containing their champagne. Defendants are manufacturers of bottlers' supplies for the trade. *Held*, that complainants were not entitled to a decree enjoining the sale merely of a rose-colored capsule, unembossed, though of the same size and shape, or even with the words "Extra Dry" impressed thereon, as on complainants', in the absence of evidence of its use in a manner to deceive customers to complainants' damage, as such capsules are capable of use in a manner not injurious to complainants.[1]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the circuit court, Southern district of New York. 85 Fed. 966. It is a suit in equity brought by the firm of G. H. Mumm & Co., of Rheims, France, producers of champagne wine, to restrain the manufacture and sale of alleged piratical labels and capsules. Defendants are not producers or dealers in champagne. They make and sell bottlers' supplies. The circuit court, after final hearing upon pleadings and proof, granted an interlocutory decree for an injunction and account as to the fraudulent labels, but refused to grant an injunction restraining the use of the capsules. Defendants did not appeal, and the only

---

[1] For unfair competition in trade generally, see note to Scheuer v. Muller, 20 C. C. A. 165, and note to Lare v. Harper & Bro., 30 C. C. A. 376.

For misleading or false labels in general, see note to Raymond v. Baking-Powder Co., 29 C. C. A. 250.

question presented is as to propriety of the circuit court's refusal to enjoin the capsules.

Rowland Cox, for appellants.

John A. Straley, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The evidence abundantly sustains the finding of the circuit court that complainants originated, and have for many years used, a rose or brilliant copper-colored soft-metal capsule, embossed with the name "G. H. Mumm & Co.," and other devices, as a distinguishing mark for their wine. And we also concur in the further finding that, by reason of the practice of serving such wine from an ice chest or in coolers, the bottle is liable to lose its labels before it is shown to the customer, so that in such cases the capsule is the only easily-available means of identification. We are not satisfied, however, that, by reason of the widespread use of colored capsules among producers of champagne, each separate producer could not be protected in the use of his own color without depriving some newcomer of the right himself to select and use a colored capsule. The possible combinations of color are so manifold that it is hard to conceive how such newcomer, honestly endeavoring to dress his goods in such wise as to mark them as his own, could experience any difficulty in devising a new capsule. We concur, however, in the conclusion of the circuit court that complainants are not entitled to a decree enjoining the sale merely of a rose-colored capsule, unembossed, or even with the words "Extra Dry" impressed thereon. Although the capsules sold by defendants are of soft metal, and of the same shape and size and color as complainants', it is manifest that they may be so used by the purchaser as not to mislead or defraud the customer. If the words "Brown's Sparkling Cider" were printed on the capsule in bold letters of a contrasting color, no ordinarily intelligent purchaser would be deceived. And in other ways the rose-colored capsule may be so collocated with other indicia of origin as to advertise the contents of the bottles quite distinctively as the product of some one other than G. H. Mumm & Co., while the placing of the words "Extra Dry" on the capsule is not inconsistent with its honest use. When there comes before this court some cause wherein a producer or dealer in champagne has used the rose-colored soft-metal capsule of complainants in such a way as to delude the customer into the belief that the wine offered for sale is complainants' product, it will be time enough to decide whether equity will administer relief, and, if so, to what extent; but complainants have not any such exclusive right to a soft-metal capsule—qua capsule—as will entitle them to enjoin its sale as an article of merchandise separate from the bottle. The decree appealed from is affirmed, with costs.